BEFORE THE THIRD DIVISION

DECEMBER 6, 1956

**No. 60410.**—Humphrey & MacGregor, Inc., and Paradise Fruit Company *v.* United States, protest 245480–K (Tampa).—

DONLON, Judge:   The merchandise in this case is orange peel and lemon peel in brine, imported from Holland in May 1954.   It was entered at reduced treaty rates of 1 cent per pound and 1½ cents per pound, respectively, under the *eo nomine* provision in paragraph 739 of the Tariff Act of 1930, as modified by the Annecy Protocol of Terms of Accession to the General Agreement on Tariffs and Trade, dated October 10, 1949, T. D. 52373, and the President's proclamation of May 13, 1950, T. D. 52476, effective January 1, 1950, as to orange peel in brine, and May 30, 1950, as to lemon peel in brine.

A customs laboratory analysis and report shows that the lemon peel in brine contained 58 parts per million of sulfur dioxide; and that the orange peel in brine contained 77 parts per million of sulfur dioxide.   The collector, therefore, classified the orange peel and lemon peel as otherwise prepared or preserved, dutiable under paragraph 739, as modified, *supra*, at 4 cents per pound and 6 cents per pound, respectively.

The issue is whether the addition of sulfur dioxide, in the quantities found, properly changes classification, as the collector held.

On trial at Tampa, Fla., on April 24, 1956, an oral stipulation was read into the record, as follows:

It is hereby stipulated and agreed:

(1)   That the merchandise covered by the protest enumerated on Schedule A attached hereto is orange peel in brine and lemon peel in brine, dutiable under Paragraph 739 of the Tariff Act as amended, said brine containing less than three-fourths of one per cent sulphur dioxide.

(2)   That the facts and issues relating to the dutiable classification of the merchandise here involved (orange and citrus peel in brine) are the same in all material respects as the facts and issues relating to the classification and dutiable status of the merchandise which was the subject of decision by the United States Customs Court in Christo Poulos & Co., Inc., Lunham & Reeve, Inc. vs. United States, C. D. 1536, 31 Customs Decisions, 1; that thereunder the merchandise here involved is dutiable under Paragraph 739 as orange peels in brine, Tariff rate, 1 cent per pound, and lemon peel in brine, Tariff rate, 1½ cents per pound, all this entered by protest.   (pp. 2, 3.)

A stipulation is acceptable only as to facts. This stipulation is not accepted as to the purported conclusion of law which the parties essayed to include. To that extent, the stipulation is improper and without effect.

We have before us, therefore, no facts, save that small quantities of sulfur dioxide were added to the brine, as stipulated. Whether or not the addition of sulfur dioxide in the quantities stipulated had the effect of advancing the merchandise toward its ultimate use, is an issue of fact not developed in the record. Whether or not this peel was packed in like manner as the pears which were the subject of the cited case, likewise, does not appear of record.

We are, therefore, called upon to determine whether or not the small quantities of sulfur dioxide that were added to the brine do or do not lift the merchandise out of the *eo nomine* "in brine" classification, and the evidence is not sufficient for us to do so.

The submission is set aside. The case will be docketed on the next Tampa term for the parties to develop the record by further stipulation or other proofs.

It is so ordered.