No. 61086.—Humphrey & MacGregor, Inc., and Paradise Fruit Company *v.* United States, protest 245480-K (Tampa).

Donlon, Judge: Prior submission was set aside, and the case set down for trial at Tampa, Fla., to give the parties opportunity further to develop the record.

*Humphrey & MacGregor, Inc., et al.* v. *United States*, 37 Cust. Ct. 438, Abstract 60410.

The merchandise is orange peel and lemon peel, imported in May 1954. It was entered at reduced treaty rates of 1 cent per pound and 1½ cents per pound, respectively, under the *eo nomine* provision in paragraph 739 of the Tariff Act of 1930, as modified by the Annecy Protocol of Terms of Accession to General Agreement on Tariffs and Trade (T. D. 52373) and the President's proclamation (T. D. 52476), effective January 1, 1950, as to orange peel in brine, and May 30, 1950, as to lemon peel in brine.

The collector classified both the orange peel and the lemon peel under paragraph 739, as modified, *supra*, as otherwise prepared or preserved, dutiable at 4 cents per pound and 6 cents per pound, respectively.

The issue is whether the addition of 58 parts per million of sulfur dioxide to lemon peel in brine and 77 parts per million of sulfur dioxide to orange peel in brine changed the classification from peel in brine to peel, otherwise prepared or preserved, as the collector determined.

Counsel have stipulated (exhibit 1) in pertinent part as follows:

7) That the citrus peel merchandise which is the subject matter of the protest was brought into existence by removing the peel from the fruit, cleaning and removing the rag and cutting same into uniform sections. That the process required to bring the peel into existence is not "preparation" of the peel.

8) That the lemon and orange peel in question was packed in barrels in brine of a saline density to adequately in and of itself preserve the peel during transportation. A small quantity of sulphur dioxide is added to the brine solution in which the peel is packed immediately prior to shipment. This sulphur dioxide is added to the brine just prior to shipment merely to prevent discoloration by oxidation, or contact with barrels, and was not in any sense used as a preservative nor does it have the effect of preserving said merchandise either temporarily or permanently. That the sulphur dioxide contained in the solution would not be in excess of the amounts found in the samples taken by the Customs laboratory hereinabove referred to.

9) That the sulphur dioxide is not used in any way, manner or means in connection with the preparation of the peel or in any manner in connection with any processing thereof.

10) That subsequent imports of orange peel and lemon peel transported in the same manner in barrels containing a brine of a saline density to adequately in and of itself preserve the peel with similar small amounts of sulphur dioxide added immediately prior to shipment in order to prevent discoloration have been classified as "peel in brine" by the Collector of Customs.

Accepting this stipulation as a statement of fact, we hold that the protest merchandise, orange peel in brine and lemon peel in brine, is not peel, prepared or preserved, but is peel in brine, dutiable at 1 cent per pound as to the orange peel and 1½ cents per pound as to the lemon peel under paragraph 739, as modified, *supra*.

Judgment will be rendered accordingly.